IN THE CIRCUIRT COURT OF SHELBY COUNTY
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ARON J. AUSTIN,

     Plaintiff

Vs

Rajita Moss, Attorney @ Law, Mississippi

Agent for Wells Marble Law Firm, PLLC.

Wells Marble, PLLC., Law Firm

     Defendants

Case No. CT-1186-21
VII

**JURY TRIAL DEMAND**

**INDIVIDUALLY & OFFICIALLY**

---

NEGLIEGENCE / TENN. ANN. CODE 28-3-105 ET SEQ,
29-39-101, 29-11-101 ET SEQ, 28-3-104, ET SEQ.
GROSS NEGLIEGENCE

A conscious neglect of duty or a callous indifference to consequences.

---

## JURISDICTION

1.    This court has jurisdiction pursuant to Tenn. Ann. Code 16-01-101 ET SEQ.

2.    This court has proper venue pursuant to Tenn. Ann. Code 20-4-101 ET SEQ.

EXHIBIT A

1

<u>Parties</u>

<u>Plaintiff(s)</u>

1.    Aron J. Austin, Pro Se

        1966 Cuba Millington Rd, Millington, Tn. 38053-5116

        (901) 661-9764   aron38053@gmail.com

<u>Defendant(s)</u>

1.    Rajita Moss, Attorney @ Law,

        Agent for Wells Marble Law Firm , PPLC Law Firm

        300 Concourse Blvd., Ste 200

        Ridgeland, MS. 39157     (601) 605-6900   rmos@wellsmar.com

2.    Wells Marble Law Firm, PLLC. Law Firm

        300 Concourse Blvd., Ste 200

        Ridgeland, MS. 39157     (601) 605-6900

<u>Statement of claim, Negligence.</u>

Comes now, ARON J AUSTIN, Pro Se, herein state the following, and levy his claim

of negligence against, Rijta Moss, attorney at law, Mississippi and agent for

Wells Marble, PLLC law firm, and Wells Marble Law Firm PLLC.

<u>Statute of Limitations, Negligence</u>

1.  Tennessee statute of limitations for bring a claim of negligence is one year.

2.  The actions resulting in the negligence claim occurred on 12 June 2020,

    Therefore, the plaintiff, Aron J. Austin, is within the set deadlines to bring

    The claims of negligence, and it's now ripe before this court.

On 12th June 2020, Rijita Moss, Attorney at law, licensed to practice in Mississippi,

An agent for Wells Marble Law Firm, PLLC law firm, subjected the plaintiff,

Aron J. Austin to massive negligence and loss, defendants breached their duties,

the defendant's actions or inactions is the direct cause of the plaintiff's losses, resulting in

plaintiff's actual lost. *Brookins v. The Round Table*, 624 S.W.2d 547, 550 (Tenn. 1981);

*Alex v. Armstrong*, [385 S.W.2d 110, 114 (Tenn. 1964)]." 841 S.W.2d at 831.

Thomason v. Wayne County, 611 S.W. 2d 585 (Tenn.)

1.  Mrs. Moss drafted and filed agreements, and or pleadings in U.S. District, Western

    District of Tennessee, case no. 2:20 cv- 02285, *(Austin v. Mobifyi, LLC)* in violation

    Federal Rule Civil Procedure, Rule 11, Federal Rule of evidence, Rule 408, in absence

of obtaining Pro Hac Vice statues from the Western District Courts of Tennessee.

2.      Mrs. Moss, agent for Wells Marble Law Firm, PLLC, knowingly, willingly, wontly
And recklessly represented the defendants, Mobifyi, LLC as a Pro Se Litigate,
Absent of filing an appearance before the Western District Court, absent making
Application to the Western District Court for Pro Hac Vice statues and absent been
Vented via the courts and been granted Pro Hac Vice statues, Violated Federal

3.      Title 28 U.S.C. § 1654 in full. Pursuant to Title 28 U.S.C.§ 1654, businesses cannot be
Represented in United States District court as a Pro Se litigate, nor can attorneys from
Outside the Western District of Tennessee practice or engage a case before the courts,
Absent obtaining Pro Hac Vise statues, making applications unto the courts, paying the
Set fees, been vented via the courts, have a supervising local attorney to sit co-chair, and
the district courts granting the application to proceed as Pro Hac Vice.

4.      Mrs. Moss actions is a direct and proximate cause to this plaintiff, losses subjecting
Mr. Austin to massive negligence's. Mrs. Moss actions caused the plaintiff a federal
Default judgement. *Nevill v. City of Tullahoma*, 756 S.W.2d 226, 232-233 (Tenn. 1988)
(citing *Queen v. Dayton Coal & Iron Co.*, [32 S.W. 460 (Tenn. 1895)] and *Memphis
Street Railway v. Haynes*, [81 S.W. 374 (Tenn. 1904)]).

5.      Mrs. Moss is licensed with the State of Mississippi, not Tennessee.

6.      Mrs. Moss had a legal duty, to apply for Pro Hac Vice statues.

7.      Mrs. Moss had a legal duty to make application unto the Western District Court of
Tennessee to obtain her Pro Hac Vice statues.

Mrs. Moss knew this or should have known this matter of fact.

9.    Mrs. Moss held a duty, to this Plaintiff, Aron J. Austin, to refrain from filling any

Pleading or other papers, in the federal matter, to wit: 2:20 cv 02285,

Austin v. Mobifyi, LLC, until her application for Pro Hac Vice was made to the courts

And the courts vented her and approved her request. *Traylor v. Coburn*, [597 S.W.2d

319, 322 (Tenn. Ct. App. 1980)] (citing *Carter v. Redmond*, [218 S.W. 217 (Tenn.

1920)]) Thomason v. Wayne County, 611 S.W. 2d 585 (**Tenn**.)

10.    Mrs. Moss had a legal duty to the courts and to this plaintiff to refrain from proceeding

Before the courts as a Pro Se Litigate in the State of Tennessee, Western District Court.

11.    Mrs. Moss knew or should have known her Mississippi License to practice the skill set

Law does not extend outside of her judicial boundaries of Mississippi. *Brookins v. The*

*Round Table*, 624 S.W.2d 547, 550 (Tenn. 1981); *Alex v. Armstrong*, [385 S.W.2d 110,

114 (Tenn. 1964)]." 841 S.W.2d at 831.

12.    Mrs. Moss knew this matter of fact.  Mrs. Moss is not licensed in the State of Tennessee,

Therefore Mrs. Moss owed a duty to the plaintiff to refrain from the U.S. District of

Tennessee legal matter that was before the courts.

13.    Mrs. Moss knowingly & recklessly proceeded before the federal courts, drafted and filed

Agreements as a Pro Se litigate, purposely omitting her name, bar number, email address

And contact information from that agreement, and purposely omitted obtaining the

defendants' signatures on the alleged agreement. *Nemeroff v. Abelson*, 620 F.2d 339 (2d

Cir. 1980). *Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F.Supp. 975 (E.D.Pa.

1973) *Great Australian Gold Mining Co. v. Martin, L. R.*, 5 Ch.Div. 1, 10 (1877).

*Brookins v. The Round Table*, 624 S.W.2d 547, 550 (Tenn. 1981); *Alex v. Armstrong*,

[385 S.W.2d 110, 114 (Tenn. 1964)]." 841 S.W.2d at 831.

14.   Mrs. Moss willfully, knowingly, recklessly and purposely withheld the fact, from the

Courts, that she was a licensed attorney, out of the State of Mississippi by purposely

Failing to disclose this on the drafts, pleadings, other papers and the alleged agreement

Drafted, and filed by Mrs. Moss via the Federal Courts drop box located in the federal

Building's lobby.

15.   Mrs. Moss then used her own money, absent the defendant's signatures on the agreement

paid the alleged settlement to prevent her friend (Shalini Joshi, registered agent for

Mobifyi, LLC) from been subjected to a Federal default in the sum of 40 Million dollars,

for failure to answer the federal complaint, resulting in the massive loss of that

federal default judgement to Mr. Austin.

16.   Mrs. Moss breach of these duties caused the massive negligence and loss to Mr. Austin.

17.   Mrs. Moss breached the duty of refraining from filing, pleadings and nor agreements in

In the federal cause of action.

18.   Mrs. Moss breached the duty of obtaining Pro Hac Vice statues.

19.   Mrs. Moss massively breached Title 28 U.S.C. § 1654, via proceeding in a U.S. District

Of Western Tennessee, Federal Case, to wit: 2:20 cv- 02285, Austin v. Mobifyi, LLC

As a Pro Se litigate, and breaching and violating the Federal Rules of Civil Procedure,

As a Pro Se litigate, and breaching and violating the Federal Rules of Civil Procedure,

Rule 11, via not disclosing her name, bar number, email address, and phone number upon

The drafts and pleading, drafted by her, filed by her and purposely withholding the fact

From the courts, Mrs. Moss was in fact a licensed attorney out of the State of Mississippi,

And on staff with the Law Firm, Wells Marble, PLLC, with the known address,

300 Concourse Blvd., Ste 200, Ridgeland, Ms. 39157

28 U.S. Code § 1654

In all courts of the United States the parties may plead and conduct their own cases

personally, or by counsel as, by the rules of such courts, respectively, are permitted to

manage and conduct causes therein. Establishes, no business shall be represented

by a Pro Se litigate. Business must be represented via counsel.

Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court
Federal Rules of Civil Procedure.

(a) Signature. Every pleading, written motion, and other paper must be signed by at least

one attorney of record in the attorney's name—or by a party personally if the party is

unrepresented. The paper must state the signer's address, e-mail address, and

telephone number. Unless a rule or statute specifically states otherwise, a pleading

need not be verified or accompanied by an affidavit. The court must strike an

unsigned paper unless the omission is promptly corrected after being called to the

attorney's or party's attention.

(b) Representations to the Court. By presenting to the court a pleading, written motion, or

attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Pro Hac Vice, Western District of Tennessee

LR 83.4 ATTORNEYS– ADMISSION(a)Roll of Attorneys. The bar of this Court shall consist of all present members and those attorneys admitted in the future to practice before this Court who have taken the oath prescribed by the rules and have paid to the Clerk such fees as the Court may prescribe from time to time. No person, unless duly admitted to practice in this Court shall be permitted to appear and participate in the trial of any action or hearing of any motion except in his or her own behalf or by special permission of the Court or as provided in section (d) of this rule. (b)Eligibility. Any person is eligible for membership who is admitted to practice law and in good standing before the Supreme Court of Tennessee, any other state, or the District of Columbia. If

the applicant is not a member of the bar of Tennessee, he or she must
also be a member in good standing of a United States District Court.

(c)Procedure for Admission. Each applicant for admission to the bar of
this Court shall file with the Clerk a written petition setting forth: (a)
the attorney's Board of Professional Responsibility number (or similar
number, if any, from the admittee's state of licensure) and current
address and telephone number, along with; (b) a certificate of good
standing from the highest court of his or her state or the District of
Columbia and, if not a member of the bar of Tennessee, from a United
States District Court. Admission then shall be obtained only on motion
made by a member in good standing of the bar of this Court. The
applicant, if admitted, shall take the prescribed oath, pay the required
fees and certify that he or she subjects himself or herself to the
jurisdiction of the Court and has obtained, is familiar with and agrees to
be bound by these Local Rules, Tennessee Supreme Court Rule 8
(Rules of Professional Conduct), and the Guidelines of Professional
Courtesy and Conduct (at APPENDIX C). Upon completion of all
requirements for admission, the Court shall enter an order of admission.
The admittee's name and Tennessee Board of Professional
Responsibility number (or similar number, if any, from the admittee's
state of licensure) shall be
The roll of attorneys, and a certificate of admission may be issued upon

application. (d)Permission to participate in a Particular Case. An attorney not licensed to practice law in the State of Tennessee, but who is licensed to practice and is in good standing at the bar of the highest court of any other state or the District of Columbia may be admitted specially for the purpose of acting as attorney in a case in this Court. Any attorney seeking special admission is subject to the following rules and requirements:(1)An attorney seeking to participate in a particular case under this section(d)shall file a written motion, including the attorney's license number, if any, from the attorney's state of licensure, and current residence and office addresses and office telephone number, along with:(A) a certificate of good standing from the highest Court of a state or the District of Columbia, and from a United States District Court, and (B)a certificate that the attorney subjects himself or herself to the jurisdiction of the Court and has obtained, is familiar with and agrees to be bound by these Local Rules, Tennessee Supreme Court Rule 8 (Rules of Professional Conduct), and the Guidelines of Professional Courtesy and Conduct (at APPENDIX C), and(C)a proposed order of special admission. (2)An attorney may be provisionally admitted for a particular case on oral motion without the required written motion and certificates in order to participate in initial preliminary matters, but such attorney must comply with the preceding subsection (d)(1) within 15 days of being provisionally admitted. (3)Failure to comply with these rules, failure to keep the Clerk advised of a current address and telephone number, failure to attend scheduled conferences, hearings and other proceedings, or any misconduct

shall be grounds for rescinding an order of special admission. (e)Appearance in Criminal Cases. An attorney retained by a defendant in a criminal case and assistant United States attorneys shall file a written notice of appearance, including the attorney's Board of Professional Responsibility number, stating that the attorney will serve as counsel of record. For defense counsel, notice must be filed within 4 days after being retained or within four days after process is served on the client, whichever occurs later. In the case of a pro hac vice appearance, defense counsel shall comply with the requirements of subsection (d)(1) above. As assistant United States attorneys, notice must be filed within four days of the return of indictment, or initial appearance, or unsealing of indictment, whichever last occurs. The provisions of this rule apply to attorneys who appear as substitute counsel and to those who appear as counsel to an attorney already appearing as counsel of record.

Effect of Appearance as Counsel. By appearing in this Court or before a Magistrate Judge in a proceeding representing a client, an attorney represents to this Court, unless he or she affirmatively advises the Court to the contrary, that the attorney has complied with (c) or (e) above and is not currently under a disbarment or suspension from any other court. A party represented by counsel who has appeared in a case may not act on his or her own behalf unless that party's attorney has obtained leave of the Court to withdraw as counsel of record, provided that the Court may, in its discretion, hear a party in open Court, notwithstanding the fact that the party is currently represented by counsel of record. (g)Conduct and Discipline. All attorneys practicing

by counsel of record. (g)Conduct and Discipline. All attorneys practicing before the United States District Court for the Western District of Tennessee shall comply with these Local Rules, the Rules of Professional Conduct as then currently promulgated and amended by the Supreme Court of Tennessee, and with the Guidelines for Professional Courtesy and Conduct as adopted by this court (APPENDIX C).(1)For a willful violation of the said Code or these Rules, an attorney is subject to appropriate disciplinary action by the Court in accordance with the procedures contained in this Court's Order Adopting Rules of Disciplinary Enforcement (filed 9/29/1980; copy available in clerk's office), as amended from time to time. (2) If any attorney is convicted of or pleads nolo contendere to a felony or is disbarred from practice in any state or federal court, such attorney's right to practice in this Court shall be suspended immediately and may be restored only after application and hearing in accordance with the procedures contained in this Court's Order Adopting Rules of Disciplinary Enforcement (filed9/29/1980; copy available in clerk's office), as amended from time to time

LR 83.4 has clearly established that all attorneys not of the District must make application unto the courts to obtain Pro Hac Vice statues prior to filing any pleadings, motions and or other papers before the courts.

Mrs. Moss knowingly, recklessly, willfully bypassed and violated the required local Rule LR 83.4 of the District Court for the Western District of Tennessee. As a lawyer and staff member of Wells Marble Law Firm, PLLC law firm, and caused Mr. Austin negligence and losses.

## RELIEF SOUGHT

The plaintiff, Mr. ARON J AUSTIN is entitled to the following Relief sought

for damages and punitive damages, pursuant to Tennessee law:

Emotional Distress, Compensatory, Nominal & Punitive damages,

Mental anguish, with cost of court and filling fees, fees for service.

In the sum of (100 Million dollars) One hundred Million dollars.

Mrs. Moss attorney at law, License revoked, permanently. Disbarment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ARON J AUSTIN

Respectfully prey for all and just proper relief deem appropriate by this court,

As well seek the max in damages per each defendant(s).

Respectfully Submitted:

Mr. ARON J AUSTIN, Pro Se
1966 Cuba Millington Rd, Millington, Tn. 38053-5116
(901) 661-9764

13

## CERTIFICATE OF SERVICE

I, Aron J. Austin, herein certify that a true and correct copy of the same has been served

upon the defendants via certified mail, via the Secretary of State, postage prepaid.

Upon this 24 MARCH 2021

ARON J AUSTIN, Pro Se


Copies have been served to the following:

1.   Rajita Moss, Attorney @ Law, Staff Member &

Agent for Wells Marble Law Firm PPLC Law Firm

300 Concourse Blvd., Ste 200

Ridgeland, MS. 39157        (601) 605-6900      rmos@wellsmar.com


2.   Wells Marble Law Firm, PLLC. Law Firm

300 Concourse Blvd., Ste 200

Ridgeland, MS. 39157        (601) 605-6900

14

PLAINTIFF EXHIBITS

1. Exhibit A.

   Email of Mrs. Moss admitting she was retained via the federal

   Defendants, Mobifyi, LLC to handle the United States District Court,

   Western District of Tennessee case, to wit: 2:20 cv 02285

   *(Austin v. Mobifyi, LLC, et al.)* for and on the request of the registered agent, to

   Wit: Shalini Joshi. Shalini Joshi is not an attorney and therefore could not file

   Pleading in the matter, and she was not a party to the action. District court advised

   her of Title 28 U.S.C. § 1654 in full.

2. Exhibit B.

   Is the Drafts of the Full and Final Release and the Final Judgment of Dismissal with

   Prejudice, drafted via Mrs. Moss, absent her contact, name, phone number, email,

   And her Mississippi attorney at law, bar number, in violation of Fed. R. Civil Pro. Rule

   11. as a Pro Se Litigate. Violation of Title 28 U.S.C. § 1654

   Drafts were done as a Pro Se Litigate. Mrs. Moss is the author of the documents, and

   Filler of the same said documents unto the courts drop-box, located in Tennessee.

3. Exhibit C.

   Is the copy of the cashier's check, Mrs. Moss used of her own private funds to pay

   The alleged settlement. The check shows Mrs. Moss as the remitter of the funds,

   Not the defendants, to wit: Mobifyi, LLC., et al.

4. Exhibit D.

   The transcript of     Austin v. Mobifyi, LLC, et al  2:20 cv 02285

   Tennessee Federal Case. Mrs. Moss admitting she was, Wells Marble Law Firm

We call your attention to page 2, under Appearances.  Under for the Defendants:

You will see, and I will attest: On September 09, 2020 at 10:00A before the Federal

Magistrate Honorable Tu M. Pham, Mrs. Moss appeared before a U.S. District Court

In Tennessee, City of Memphis, in a Federal Building at the Western District,

And defendant, Mobifyi, LLC absent filling her Pro Hac Vice applications before the

court, absent been vented via the court, and absent been granted her Pro Hac Vice

Statues. Mrs. Moss appeared as counsel for the defendants, as counsel with the Firm

Wells Marble, Law Firm, PLLC. With the known address as it appears on the

Civil summons of this matters, a Mississippi Law Firm.

Violation of LR 83.4 Pro Hac Vice.

Richard D. Underwood was hired after the fact, and after the negligence/ gross

negligence actions of the defendants in this matter currently before this court.

5.  Exhibit E.

Special Limited entry of Appearance fled by attorney Underwood on

July 27, 2020

Gross negligence / Negligence claims arouse on 12 June 2020, Before local

Tennessee counsel was hired.

16

| | |
|---|---|
| **From:** | Rajita Moss |
| **To:** | "aron38053@gmail.com" |
| **Subject:** | Austin v. Mobifyi et al Civil Action No. 20-2285-TLP-tmp |
| **Date:** | Monday, June 8, 2020 10:24:00 AM |

Dear Mr. Austin:

I have been retained by Shalini Joshi with regard to the above referenced litigation. We are making a good faith effort to resolve this matter before proceeding with formal litigation. It is our understanding that you paid $1,750 for the project that is detailed in the contract which is the subject of your litigation. As suggested in your letter, in an effort to resolve this prior to commencement of litigation, I have been authorized to extend $2,750 to fully settle all your claims against all parties in this litigation.

I look forward to hearing from you.

*Rajita Iyer Moss*
Wells Marble & Hurst, PLLC
Post Office Box 131
Jackson, MS 39205-0131
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157

601.605.6900 MAIN
601.605.6919 DIRECT
601.605.6901 FAX



NOTICE: THIS MESSAGE AND ANY ATTACHMENTS MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND/OR CONFIDENTIAL. YOU ARE PROHIBITED FROM COPYING, DISTRIBUTING OR OTHERWISE USING THIS INFORMATION, IF YOU ARE NOT THE INTENDED RECIPIENT. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY ME IMMEDIATELY BY RETURN E-MAIL OR PHONE, AND PERMANENTLY DELETE THIS E-MAIL AND ANY ATTACHMENTS FROM YOUR SYSTEM.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| ARON J. AUSTIN, PRO SE | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 2:20-cv-02285 TLP-TMP |
| | ) | |
| | ) | |
| V. | ) | Judge Thomas L. Parker |
| | ) | Magistrate Judge Tu M. Pham |
| MOBIFYI, LLC D/B/A APPRSCRIP, | ) | |
| LLC, VAIBHAV SHARMA, 3EMBED | ) | |
| SOFTWARE TECHNOLOIGES, | ) | JURY DEMAND |
| PVT. LTD, JOE DOE (1-3) | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

THIS Court being advised that this matter has been compromised and settled to

the satisfaction of all parties and that there remain no issues to be litigated by or between

the parties nor adjudicated or determined by the Court, it is

ORDERED AND ADJUDGED that this cause be, and the same hereby is,

dismissed with prejudice with each party to bear its own costs.

SO ORDERED this the _____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

_____
ARON J. AUSTIN, *PRO SE*
PLAINTIFF

EXHIBIT B

## FULL AND FINAL RELEASE,
## INDEMNIFICATION AND HOLD HARMLESS AGREEMENT

FOR AND IN CONSIDERATION OF THE SUM OF FOUR THOUSAND TWO HUNDRED AND FIFTY DOLLARS AND NO/100 CENTS ($4,250.00), to be paid as directed herein, the receipt and sufficiency of which is hereby acknowledged, Aron J. Austin, *pro se*, Amazon Ridesharing, LLC ("Releasor") does hereby fully, finally and completely release, discharge and acquit Mobifyi, LLC, d/b/a Appscrip, LLC, Vaibhav Sharma, 3Embed Software Technologies, Pvt., Ltd., (collectively "Releasees") and its/his/their former, present, and future employees, employers, agents, servants, attorneys, representatives, partners, members, principals, associates, assigns, heirs, executors, stockholders, insurers, subcontractors, reinsurers, divisions, affiliates, parent companies, sister companies, subsidiaries, related companies, transferees, assignees, predecessors, and successors, and any and all other persons, firms and corporations, who may be in any manner whatsoever liable from any and all past, present, or future claims, demands, actions, rights, suits, damages/losses (past, present, and future), contractual losses (past, present, and future), loss of income (past, present, and future), loss of profits, loss of services, judgments, obligations, interests, compensation, property damage, causes of action, expenses, attorneys' fees, costs, and claims of any and every kind and nature whatsoever, whether known or unknown, foreseen or unforeseen, at law or in equity, which the Releasor had, presently has, or may hereafter have against any of the Releasees as a result of or in any way connected with, relating to, or arising out of the contract that is referenced in Plaintiff's Complaint pending in the United States District Court for the Western District of Tennessee, Civil Action No. 2:20-cv-02285-TLP-tmp ("Lawsuit"), or otherwise, it being the intention of the Releasor to fully and finally release the Releasees from any and all claims which the Releasor had, may now have, or may hereafter have as a result of any type of damage, loss, or injury whatsoever regarding the above.

In consideration of the Release set forth above, Releasees agree to cause a cashier's check to be issued in the amount of $4,250.00 made payable to Aron J. Austin, *pro se*.

The parties hereby released do not admit any liability whatsoever, but expressly deny the same. It is understood and agreed that the material purpose of the sum paid is solely for the purpose of avoiding the expense and time involved in contesting this claim and defending the Lawsuit.

The consideration expressly mentioned herein is the only consideration paid or to be paid, and this is so even though more serious losses, injuries and damages may result or may have resulted on account of said Contract and/or Lawsuit. No representations as to damages or liability have been made. No promises or inducements for this release, not expressly set forth, have been made, and no such promises or inducements are relied upon as a consideration for this release or otherwise, but any and all claims of whatever nature arising out of said Contract and/or Lawsuit are hereby fully released, compromised, discharged, and settled.

Full and complete compromise, settlement, accord and satisfaction is hereby acknowledged, and it is expressly agreed by the Releasor never to sue any of the Releasees for any injuries, damages or losses connected to, arising out of, or on account of the aforesaid Contract and/or Lawsuit, or on any alleged promises or inducements for this release not herein expressly set forth, and the Releasor hereby agrees to indemnify, defend, and hold harmless the parties released hereby from all claims, demands, actions, damages, costs and losses growing out

-1-

EXHIBIT B

of said Contract and/or Lawsuit that are asserted or claimed by or through the Releasor, including, but not limited to, any and all of Releasor's vendors, agents or otherwise. ~~Releasor agrees to pay and satisfy any and all liens and subrogation claims out of the settlement proceeds referenced above.~~

Releasor further covenants and agrees that he/she will never institute in the future any complaint, suit, action or cause of action, at law or in equity, against any of the Releasees in any way connected with, relating to, or arising out of the Contract, Claims for Negligence, Breach of Contract and/or Lawsuit, nor in any way aid in the institution or prosecution of any claim, demand, action, cause of action, or suit for damages, expenses, costs, or losses against any of the Releasees, unless compelled by legal process.

~~The Releasor agrees to fully defend, indemnify, and hold harmless Releasees (which includes payment of any attorneys' fees and costs in relation thereto) from any claims or demands against any of the Releasees for the payment of any bills, liens, insurance liens, subrogation claims, or any and all other liens/subrogation claims or other claim of right to any part of the proceeds of this settlement, which may exist as a result of the Contract or may otherwise be imposed or enforced against the settlement funds.~~

**Formatted:** No widow/orphan control, Tab stops: Not at 0" + 0.5" + 1" + 1.5" + 2" + 2.5" + 3" + 3.5" + 4" + 4.5" + 5" + 5.5" + 6" + 6.5"

Full and complete satisfaction is hereby acknowledged, and Releasor agrees to contemporaneously herewith dismiss with prejudice his claims in the lawsuit styled "*Aron J. Austin, Pro Se, v. Mobifyi, LLC d/b/a Appscripp, LLC, Vaibhav Sharma, 3Embed Software Technologies, Pvt., Ltd., Joe Doe (1-30)*" bearing Cause No. 2:20-cv-02285-TLP-tmp, pending in the United States District Court for the Western District of Tennessee, and the Releasees are released hereby from all claims, liens, subrogation claims, demands, actions, damages, costs and losses growing out of said subject Contract and/or Lawsuit and asserted or claimed by the Releasor, or which could have been claimed by the Releasor, or anyone claiming through the Releasor, including any subrogated entity.

Releasor agrees to defend, indemnify and hold harmless Releasees from all claims, actions, demands, expenses, liens, judgments, suits, and demands for damages, costs, attorneys' fees, contribution, indemnity, subrogation, loss of services, bills, expenses, and/or compensation on account of, or in any way related to or growing out of, the subject Contract and/or Lawsuit that may be asserted against any Releasee by and through the Releasor, or with the Releasor's assistance. The indemnity agreements provided for in this paragraph and throughout this agreement expressly include all costs and expenses, including attorneys' fees, incurred by Releasees in defending or responding to claims and in enforcing these indemnity agreements. The parties herein released and indemnified shall be entitled to plead this obligation, indemnification, warranty, covenant, contract, agreement and release in defense of and as full accord and satisfaction of any such claim, suit or demand, and shall be entitled to full indemnification and exoneration with all costs, expenses and reasonable attorneys' fees by virtue of this Full and Final Release, Indemnification and Hold Harmless Agreement.

It is further represented, understood and agreed that the Releasor has no claims, rights or causes of action against Releasees arising out of the subject Contract, which have not heretofore been set forth in the suit described hereinabove. Further, the Releasor understands and agrees that this Release abolishes and extinguishes all rights, causes and claims which he has, has had, or may hereafter have against the parties released hereby and herein arising out of the subject

-2-

Contract, and that the Releasor, upon the execution of this instrument, has no rights, claims or causes against Releasees and no rights, claims or causes against any other party for any alleged acts or omissions of Releasees herein.

It is further understood and agreed that the confidentiality of this compromise and settlement is an important part of this settlement, and Releasor agrees that the terms and conditions of this compromise and settlement shall not be disclosed, except as required by court-ordered disclosure, and that the terms and conditions of this settlement shall be confidential in nature and shall be known only to the parties to this agreement and their attorneys. The parties can inform others regarding only the fact of settlement; however, the terms and conditions shall remain confidential and non-disclosed or non-discoverable unless ordered to be released by a court of competent jurisdiction. Parties also agree that they shall not disparage each other or cause any negative reviews or statements to be issued against each other.

It is also understood and agreed that there are no considerations or agreements passing between the parties, except those expressly stated herein, and that this instrument contains the entire agreement between the Releasor and Releasees, the terms of which are contractual and not a mere recital.

Releasor further states that he has carefully read the foregoing instrument; that he knows the contents thereof; that this settlement agreement has been fully explained to Releasor; that he understands and agrees to each and every term and condition contained herein; that he signed the same as his own free act and deed; that he is of full age and legally competent and authorized to execute this settlement agreement; that he signed this settlement agreement with a full understanding of his rights and the consequences of entering into and signing this settlement agreement; that his signature hereof evidences the fact that the settlement agreement was voluntarily entered into with full knowledge and understanding of the consequences thereof; and that he has not sold, assigned, conveyed, transferred or otherwise disposed of any rights he/she may have arising as a result of the above-described subject Contract and/or Lawsuit to any person or organization, private or governmental, such that he retains all rights with regard to any and all such claims, actions, expenses and/or damages arising as a result of said subject Contract, Lawsuit, and/or resulting damages.

It is further understood and agreed that the provisions of this Release comprise all of the terms, conditions, agreements, and representations of the Releasor and Releasees respecting the Contract and the settlement and dismissal with prejudice of the Lawsuit. This Release supersedes all prior agreements, arrangements, understandings, statements, and representations, whether in writing or orally, if any, relating to the subject matter hereof and may be amended only by an instrument in writing executed jointly by the Releasor and Releasees. All representations and promises made by any party to another, whether in writing or orally, concerning the Contract and the settlement and dismissal of the Lawsuit are understood by the Releasor and Releasees to be merged into this Release.

Releasor hereby further assumes the risk of any mistake of fact or legal right with regard to the instant Lawsuit or with regard to any matter released herein, or with regard to any fact or legal rights which are now unknown to Releasor. Releasor understands he is forever relinquishing and releasing in their entirety any and all claims he may have against Releasees relating to, arising from, or connected in any way to the Contract and Lawsuit.

-3-

EXHIBIT B

Releasor understands and agrees that a material provision of this Release is the entry of an order or judgment of dismissal, with prejudice, and without costs, interest, or attorney's fees, of all claims alleged by him in the subject Lawsuit.  Releasor and Releasees will execute and cause to be entered an Agreed Order or Judgment of Dismissal with Prejudice, with each party to bear his/its/their own costs.

Releasor understands and agrees that the Releasees make no representations regarding the tax consequences of the payment recited herein and assume no liability whatsoever to any federal, state, or local taxing authority for the consequences or treatment of settlement proceeds. Releasor understands and agrees that the Releasees assume no liability whatsoever of Releasor's tax liability on the settlement proceeds. Releasor further agrees and understands that the appropriate designee of the Releasees shall file any reporting form required by the tax authorities reflecting the payment specified in this Release.

This Release shall be construed and interpreted in accordance with the laws of the State of Georgia.

This Release contains the entire agreement between the Releasor and Releasees with regard to the matters set forth in it and shall be binding upon and enure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each.

If any provision of this Release is held by a court of competent jurisdiction to be invalid or to conflict with applicable federal, state or local law, the Release shall be deemed to be reformed to remove that invalid provision.  However, all remaining provisions of the Release shall remain in full force and effect.

Since the purpose of this agreement is to end this matter forever just as if the aforesaid Contract, Lawsuit, and alleged damages never occurred, should it develop that there are any mistakes or omissions in this instrument, which cause the release of Releasees to be defective or less than complete, the Releasor will execute any and all instruments and will do any and all things necessary to effectuate a full, final and complete release and to ensure that Releasees are protected from all liability in the premises.

This Release shall be deemed jointly prepared and shall not be construed against the party preparing it, but shall be construed as if it were prepared jointly by Releasor and Releasees, and any uncertainty or ambiguity, or both, shall not be interpreted against any person or entity.

This Release may be signed in counterpart.

EXECUTED by the Releasor, on this the _____ day of _____, 2020.

_____
ARON J. AUSTIN, PRO SE

-4-

EXHIBIT B

STATE OF TENNESSEE
COUNTY OF _____

     PERSONALLY APPEARED BEFORE ME, an authority in and for the jurisdiction aforesaid, came Aron J. Austin, pro se, who after being by me first duly sworn, stated on his oath that the matters and things set forth in the above and foregoing Release are true and correct as stated therein.

                                _____
                                  ARON J. AUSTIN, PRO SE

     SWORN TO AND SUBSCRIBED BEFORE ME, this the _____ day of _____,

2020.

                                  _____
My Commission Expires:                NOTARY PUBLIC

_____

-5-

EXHIBIT B

limited liability company formed in Georgia with its principal place of business in Duluth, Georgia. (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   28 U.S.C. § 1654

Appearances in federal court are governed by 28 U.S.C. § 1654. This statute generally prohibits non-lawyers from representing persons other than themselves in federal court. Olagues v. Timken, 908 F.3d 200, 203 (6th Cir. 2018) ("[W]e have consistently interpreted § 1654 as prohibiting pro se litigants from trying to assert the rights of others."). Because of this prohibition, business organizations may not appear *pro se* in federal court. Id.; Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). This includes LLCs. See Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007); Last Minute Cuts, LLC v. Biddle, No. 18-2631-MSN-tmp, 2019 WL 6222280, at *2 (W.D. Tenn. Oct. 18, 2019), report and recommendation adopted, 2019 WL 6219544 (W.D. Tenn. Nov. 21, 2019); GCA Servs. Grp., Inc. v. Parcou, LLC, No. 2:16-CV-02251, 2016 WL 9307505, at *1 (W.D. Tenn. June 6, 2016). The Sixth Circuit has instructed that district courts are obligated to enforce this rule even if the issue is not raised by the parties. Zanecki v. Health All. Plan of Detroit, 576 F. App'x 594, 595 (6th Cir. 2014).



OFFICIAL CHECK

140507 / M 6285238-A

**BancorpSouth**

THIS DOCUMENT HAS A TRUE WATERMARK. THE FRONT OF THE DOCUMENT HAS A MICROPRINT SIGNATURE LINE. THE ABSENCE OF THESE FEATURES WILL INDICATE A COPY.

PAY

TO
THE
ORDER
OF

ARON J. AUSTIN

***$4,250 DOLS 00 CTS***

NAME OF REMITTER   RAJITA MOSS

0829003437

49-55/1031

ISSUED BY: MONEYGRAM PAYMENT SYSTEMS, INC.
P.O. BOX 9476, MINNEAPOLIS, MN 55480
DRAWEE:   BOKF, NA
EUFAULA, OK

DATE   JUNE 12, 2020

$4,250.00

DRAWER: BancorpSouth

BY
AUTHORIZED SIGNATURE

⑈0829003437⑈ ⑊103100551⑊

01800 ⑈195938 6⑈



**Proceeding - September 09, 2020**

1          UNITED STATES DISTRICT COURT
2          WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
3    _____

4    ARON J. AUSTIN,                    )
                                        )
5            Plaintiff,                 )
     VS.                                )    No.: 220cv2285
6                                       )
     MOBIFYI, L.L.C., ET AL,            )
7                                       )
             Defendants.                )
8    _____

9

10        BE IT REMEMBERED, that the above-captioned

11   cause came on to be heard on this, the 9th day of

12   September, 2020, beginning at approximately

13   10:00 a.m., before the HONORABLE TU M. PHAM,

14   Magistrate Judge presiding, when and where the

15   following proceedings were had, to wit:

16

17             PROCEEDINGS OF THE COURT

18

19

20

21

22

23        ALPHA REPORTING CORPORATION
               236 Adams Avenue
24           Memphis, TN 38103
                901-523-8974
25          www.alphareporting.com

**Proceeding - September 09, 2020**

```
 1                    A P P E A R A N C E S                         2

 2

 3   FOR THE PLAINTIFF:        ARON J. AUSTIN
                               Pro Se
 4

 5

 6

 7   FOR THE DEFENDANT:        RICHARD UNDERWOOD, ESQ.
                               Harris Shelton
 8                             6060 Primacy Parkway
                               Suite 100
 9                             Memphis, TN  38119

10

11                             RAJITA MOSS, ESQ.
                               Wells Marble
12                             300 Concourse Boulevard
                               Suite 200
13                             Jackson, MS   39157

14

15

16

17

18   COURT REPORTING FIRM:

                     ALPHA REPORTING CORPORATION
19                   SANDRA J. VAUGHN, LCR
                     236 Adams Avenue
20                   Memphis, Tennessee 38103
                     (901) 523-8974
21                   www.alphareporting.com

22

23

24

25
```

**Alpha Reporting Corporation**

Proceeding - September 09, 2020

3

1                          I N D E X

2     Witness:                                    Page

3         Aron Austin

4     Direct Testimony by Mr. Austin                7

5     Cross-Examination by Underwood               13

6

7         Rajita Moss

8     Direct Examination by the Court              32

9     Cross-Examination by Mr. Austin              37

10

11

12

13        EXHIBITS

14        Exhibit 1      Email                     23

15        Exhibit 2      Email                     30

16

17

18

19

20

21

22

23

24

25

**Alpha Reporting Corporation**

Proceeding - September 09, 2020

42

```
1              MR. AUSTIN:   Yes, it is part of the
2    record.
3    BY MR. AUSTIN:
4         Q.     Ms. Moss, do you recognize that
5    document?
6         A.     It's a letter, yes.
7         Q.     Who is the author of it?
8         A.     I had a pre-drafted judgment that
9    you and I had agreed on.  The letter was
10   drafted by me, and I had it ready just in
11   case you didn't have something.
12              And the dismissal was a dismissal
13   that you negotiated with me and that was
14   drafted.  You wanted a change made to it, and
15   the change was made, and there are emails
16   showing those changes.
17              And the release, again, is the
18   release that you reviewed, made changes to
19   like you testified to, and agreed to and
20   signed when you received the cashier's check
21   for four thousand two hundred and fifty in
22   settlement.
23        Q.     You are the author of these
24   documents?
25        A.     Yes.  And the last two are the ones
```

Alpha Reporting Corporation

**Proceeding - September 09, 2020**

43

1    you negotiated with me, so you are

2    technically a partner.

3        Q.    Does any of these documents comply

4    to Rule 4 of civil procedure?  Is your name,

5    bar number, phone number, or any email,

6    anything that complies with civil Rule 11?

7    Is there any of that information on these

8    documents?

9            MR. UNDERWOOD:  Objection to the

10   relevance, Judge.

11           THE COURT:  Sustained.  That is not

12   relevant to the issues before the Court on

13   these motions.

14           MR. AUSTIN:  Nothing further, Your

15   Honor.

16           THE COURT:  Very well.  Then any

17   additional proof for the defense?

18           MR. UNDERWOOD:  None, Your Honor.

19           THE COURT:  Very well then.  I have

20   heard more than sufficient evidence in

21   connection with these motions.  I will issue

22   orders consistent with the Court's finding.

23   The parties will receive the Court's orders

24   shortly.

25           All parties are excused.

Proceeding - September 09, 2020

44

1          (Whereupon, the proceeding concluded

2     at approximately 11:00 a.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Proceeding - September 09, 2020

45

```
 1                C E R T I F I C A T E

 2

    STATE OF TENNESSEE
 3
    COUNTY OF SHELBY
 4

 5              I, Sandra J. Vaughn, LCR #512,
    Licensed Court Reporter and Notary Public, in
 6  and for the State of Tennessee, do hereby
    certify that the above proceeding was
 7  reported by me, and the transcript is a true
    and accurate record to the best of my
 8  knowledge, skills, and ability.

 9              I further certify that I am not
    related to nor an employee of counsel or any
10  of the parties to the action, nor am I in any
    way financially interested in the outcome of
11  this case.

12              I further certify that I am duly
    licensed by the Tennessee Board of Court
13  Reporting as a Licensed Court Reporter as
    evidenced by the LCR number and expiration
14  date following my name below.

15              I further certify that this
    transcript is the work product of this court
16  reporting agency and any unauthorized
    reproduction and/or transfer of it will be in
17  violation of Tennessee Code Annotated
    39-14-104, Theft of Services.
18

19

20                      _____
                        SANDRA J. VAUGHN, LCR #512
21                      Expiration Date 06-30-2022
                        ALPHA REPORTING CORPORATION
22                      236 Adams Avenue
                        Memphis, Tennessee 38103

23  My commission expires:
            March 7, 2021
24
```

**Alpha Reporting Corporation**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ARON J AUSTIN,                                                    Plaintiff,

v.                                          Case No.: 2:20-CV-02285

MOBIFYI, LLC, VAIBHAV SHARMA,
3 EMBED SOFTWARE TECHNOLOGIES,
PVT., LTD., APPSCRIP, LLC,                                      Defendants.

## SPECIAL LIMITED ENTRY OF APPEARNCE

COMES NOW, Richard D. Underwood, of Harris Shelton Hanover & Walsh, PLLC, and

files this special limited entry of appearance as counsel for Defendants Mobifyi, LLC, Vaibhav

Sharma, 3 Embed Software Technologies, PVT, LTD and Appscript, LLC. This special limited

entry of appearance is filed for the sole purpose of filing Defendants' Motion to Enforce Settlement

and related Memorandum in Support of the Motion while reserving all applicable defenses

pursuant to the Rules of Civil Procedure, including Rules 4 and 12. Defendants specifically reserve

all defenses set forth, including, but not limited to service of process, personal and subject matter

jurisdiction, and venue.

Dated: 07/27/2020

Respectfully submitted,

/s/ Richard Underwood
RICHARD D. UNDERWOOD, TNB 014515
Harris/Shelton, PLLC
6060 Primacy Parkway, Ste 100
Memphis, TN 38119
901.682.1455
runderwood@harrisshelton.com
*Attorney for Defendants*

**Page 1 of 2**



<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following in accordance to Rule 5 of the Rules of Civil Procedure:

Mr. Aron Austin
1966 Cuba Millington Road
Millington, TN 38053
Aron38053@gmail.com
901.661.9464
*Pro Se Plaintiff*

Date: <u>07/27/2020</u>                    <u>/s/ Richard Underwood</u>
                                                        **Richard Underwood**

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-1186-21     ◉ Lawsuit   ○ Divorce     Ad Damnum $ _____

| Aron J. Austin | VS | Rajita Moss, Attorney at Law,<br>Wells Marble, PPLC Law Firm |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

Rijita Moss Lawyer, Mississippi
Member of Wells Marble Law Firm
300 Concourse Blvd., Ste 200
Ridgeland, MS. 39157

Negligence / Gross Negligence

Method of Service:
◉ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on  Aron J. Austin                    Plaintiff's

attorney, whose address is  1966 Cuba Millington Rd, Millington, TN 38053

telephone 901-661-9764           within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____3/25/21_____  By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master     By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                                              Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. __CT-1186-21__    ◉ Lawsuit
                ○ Divorce          Ad Damnum $ _____

| | | |
|---|---|---|
| Aron J. Austin | VS | Rajita Moss, Attorney at Law, Wells Marble, PPLC Law Firm |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

| | Method of Service: |
|---|---|
| Mississippi<br>Wells Marble Law Firm, PLLC.   Def. #2<br>300 Concourse Blvd., Ste 200<br>Ridgeland, MS. 39157<br><br>Negligence / Gross Negligence | ◉ Certified Mail<br>○ Shelby County Sheriff<br>○ Commissioner of Insurance ($)<br>○ Secretary of State ($)<br>○ Other  TN County Sheriff ($)<br>○ Private Process Server<br>○ Other |

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on   Aron J. Austin           Plaintiff's

attorney, whose address is   1966 Cuba Millington Rd, Millington, TN 38053

telephone 901-661-9764      within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____3/15/21_____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk and Master     By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____day of _____, 20_____at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

Signature of person accepting **service**

Sheriff or other authorized person to serve process

---

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE  NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process