IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ARON J. AUSTIN,**

        **Plaintiff,**

v.                                                          Case 2:21-cv-02235-TLP-cgc

**RAJITA MOSS;**
**WELLS MARBLE & HURST, PLLC,**

        **Defendants**

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS**

---

    Before the Court is Defendants' Rajita Moss ("Moss") and Wells Marble & Hurst, PLLC's ("WM&H") Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #6, #7). This motion further requests an award of attorneys' fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure and Tennessee Code Annotated Section 20-12-119(c)(1). Pursuant to Administrative Order 2013-05, it has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #8).

    For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED for failure to state claims upon which relief may be granted. It is further RECOMMENDED that Tennessee Code Annotated Section 20-12-119(c)(1) does not apply in federal court and that there is no procedurally proper Rule 11 motion currently pending before

the Court; however, should the District Court determine that it is appropriate, it may *sua sponte* issue an order directing Plaintiff to show case as to why his conduct has not violated Rule 11 such that an award of attorneys' fees and costs would be appropriate.

I.  **Procedural History**

  *a.  Underlying Case*

The dispute at issue in this case stems from Moss, who is an attorney at WM&H, and her representation of Mobify, LLC in settlement negotiations with Austin. *See Aron J. Austin v. Mobifyi, LLC*, No. 2:20-cv-02285-TLP-tmp (the "Underlying Case") (D.E. # 40, PageID 431). The Underlying Case was filed on April 15, 2020 against Mobifyi LLC, d/b/a Appscrip ("Mobifyi") and 3 Embed Software Technologies, Pvt. Ltd. ("3 Embed"). The allegations raised therein are not relevant to the instant motion. On June 15, 2020, Plaintiff executed the Full and Final Release, Indemnification and Hold Harmless Agreement ("Settlement Agreement") in the Underlying Case and advised the Court that he had reached a settlement with all Underlying Defendants. (No. 2:20-cv-02285-TLP-tmp, D.E. #18, D.E. #22-2 at PageID 223-227; No. 2:21-cv-02235-TLP-cgc, #6-1). However, on July 13, 2020, Plaintiff filed a "Motion to Set Aside Final Judgment of Dismissal with Prejudice and Request for Sanctions to Be Filed Against Mrs. Rajita Lyer Moss." ("Motion to Set Aside") (No. 2:20-cv-02285-TLP-tmp, D.E. #21).

Plaintiff's Motion to Set Aside argued the following: that Moss, a Mississippi-licensed attorney retained by Mobifyi, misrepresented herself as a court-appointed mediator during the settlement negotiations; that she engaged in the unauthorized practice of law by negotiating a settlement on behalf of a Tennessee business while neither being admitted to practice law in

2

Tennessee nor having been granted *pro hac vice* status to appear before this Court; and, that Moss did not sign the final judgment of dismissal in violation of Rule 11.

On July 27, 2020, the Underlying Defendants filed a Motion to Enforce Settlement, which included as exhibits forty-nine pages of e-mail communications that facilitated the settlement as well as documents drafted to formalize it. (D.E. #24, #24-1, #24-2). On July 28, 2020, Plaintiff responded to the Underlying Defendants' Motion to Enforce Settlement. (D.E. #28). On August 4, 2020, the Underlying Defendants filed a Response to Plaintiff's Motion to Set Aside and included additional exhibits supporting their position. (D.E. #30). On August 6, 2020, Plaintiff filed a Reply in support of his Motion to Set Aside. (D.E. #31). In the Responses and Reply, the parties reiterated their respective positions as to the enforceability of the Settlement Agreement.

On September 23, 2020, following a hearing on the Motion to Set Aside and the Motion to Enforce Settlement, Chief U.S. Magistrate Judge Tu M. Pham issued a Report and Recommendation recommending that there was an enforceable settlement agreement and that Plaintiff's allegations of sanctionable conduct by Moss were meritless. (No. 2:20-cv-02285-TLP-tmp, D.E. #40; No. 2:21-cv-02235-TLP-cgc, #6-3). On December 7, 2020, the District Court adopted Chief Magistrate Judge Pham's Report and Recommendation. (No. 2:20-cv-02285-TLP-tmp, D.E. #44; No. 2:21-cv-02235-TLP-cgc, #6-4). In doing so, the District Court determined that Moss did not violate Rule 11 when she did not sign and include her contact information on the Settlement Agreement. The District Court reasoned that a Settlement Agreement is not a "filing" as contemplated by Rule 11 and further determined that any alleged misrepresentations that were part of the settlement negotiations were not sanctionable under Rule

11 so long as they were not reflected in the pleading, motion, or paper filed with the Court. The District Court also concluded that Moss did not violate Local Rule 83.4 by not being admitted *pro hac vice* before negotiating the settlement. The District Court reasoned that Local Rule 83.4 only requires a notice of appearance for attorneys participating in the trial of any action or the hearing on any motion and that Moss did neither.[1] On December 8, 2020, the District Court entered a Judgment in the Underlying Case dismissing it with prejudice. (D.E. #45).

On December 9, 2020, Plaintiff filed a Notice of Appeal. (D.E. #46). On December 14, 2020, Plaintiff filed a motion to proceed *in forma pauperis* on appeal. (D.E. #48). On February 2, 2021, the Underlying Defendants filed a "Motion to Dismiss Appellant's Motion to Proceed as Pauper Status." (D.E. #51). On February 4, 20201, the Court issued an Order Denying Plaintiff's Motion for Leave to Appeal in Forma Pauperis, finding that any appeal taken would be frivolous. (D.E #53). Plaintiff then requested permission from the Sixth Circuit to proceed *in forma pauperis*, which was denied. (D.E. #54). Plaintiff was advised that he must pay the $505.00 filing fee within thirty days of the entry of that order or that the appeal would be dismissed for want of prosecution. (D.E. #56). Plaintiff did not do so. On August 24, 2021, the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution. (D.E. #57).

  b. *Current Case*

On March 25, 2021, Plaintiff filed a Complaint in the Circuit Court of Shelby County for the Thirtieth Judicial District at Memphis. (D.E. #1-1). Plaintiff's Complaint alleges the following: (1) negligence / gross negligence; (2) a violation of Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"); (3) a violation of Title 18 United States Code Section 1654

---

[1] The District Court notes that Plaintiff's objection to the Magistrate Judge's Report and Recommendation referenced Rule 408 of the Federal Rules of Evidence. However, the District Court concluded that no such argument was presented to the Magistrate Judge and that Plaintiff did not state a clear objection under that rule.

4

("Section 1654"); (4) a violation of Local Rule 83.4 of this Court. It also requests injunctive relief that includes a written apology and the surrendering of Moss's license to practice law. On April 8, 2021, he filed a "Supplement to Original Complaint" alleging discrimination on the basis of race and color in violation of 42 U.S.C. § 1981 ("Section 1981"). (D.E. #1-2). Defendants removed the case to this Court on April 13, 2020 pursuant to 28 U.S.C. §§1441(a) and 1332(a). (D.E. #1).

## II. Proposed Analysis and Conclusions of Law

### a. *Res Judicata and Collateral Estoppel*

The first issue raised by Defendants is whether this Court's previous rulings in the Underlying Case—namely that Moss did not violate Rule 11 or Local Rule 83.4—bar Plaintiff from relitigating them here. The doctrines of res judicata and collateral estoppel "relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel, which is also known as issue preclusion, prevents a party from relitigating an issue that was both decided in a prior case and was necessary to the judgment. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S.Ct. 1589, 1594 (2000) (citing *Allen*, 449 U.S. at 94). Res judicata, which is also known as claim preclusion, is a "final judgment on the merits of an action precludes . . . relitigating . . . [claims] that were or could have been raised in that action." *Allen*, 449 U.S. at 94; *Lucky Brand*, 140 S.Ct. at 1594; *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

For purposes of collateral estoppel, it is RECOMMENDED that the District Court's determinations on the Rule 11 and Local Rule 83.4 questions cannot be said to have been

5

necessary to the judgment for the following reason. The Judgment itself states that it was issued "[i]n accordance with the Order Adopting Report and Recommendation" issued by the District Court. While the Rule 11 and Local Rule 83.4 issues were determined in that Order, the District Court expressly stated therein that they did not bear upon the central question of whether the Settlement Agreement was enforceable but instead pertained to whether sanctions were necessary. Specifically, as to the Rule 11 question, the District Court stated as follows: "Even if Moss had violated Rule 11, the remedy for a Rule 11 violation would be to admonish or sanction the attorney—not rescind the settlement agreement Plaintiff negotiated and signed." As to the Local Rule 83.4 question, the Court similarly stated that "even if Moss had violated the rule by not entering a notice of appearance, the remedy would be . . . attorney discipline—not contract rescission." Thus, as it is the enforceability of the Settlement Agreement that led to the Judgment, it is RECOMMENDED that the doctrine of collateral estoppel does not bar Plaintiff's arguments here under Rule 11 or Local Rule 83.4.

For purposes of res judicata, the exact questions of whether Moss should be sanctioned under Rule 11 or Local Rule 83.4 for her actions as settlement counsel were actually decided in the Underlying Case. However, res judicata applies to *claims*, which have been defined by the Sixth Circuit as the "'rights of the plaintiff to remedies against *the defendan*t . . .'" *James v. Gerber Products Co*., 587 F.2d 324, 328 n.5 (6th Cir. 1978); *E-Poch Properties, LLC v. TRW Automotive U.S., LLC*, 286 Fed. Appx. 276 (6th Cir. 2008) (citing Black's Law Dictionary 264 (8th ed. 2004) (defining claim, *inter alia*, as "[a] demand for money, property, or a legal remedy to which one asserts a right."); *see also* Black's Law Dictionary (11th ed. 2019) (defining "claim," *inter alia*, as follows: (1) "[t]he assertion of an existing right" or "any right to payment

6

or to an equitable remedy . . ."; (2) "[a] demand for money, property, or a legal remedy to which one asserts a right; esp. the part of a complaint in a civil action specifying what relief the plaintiff asks for"; and, (3)"[a]n interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing.").

In the Underlying Case, Plaintiff's request that the Court sanction Moss pursuant to Rule 11 and Local Rule 83.4 did not involve a right to remedies against the Underlying Defendants, Mobifyi and 3 Embed. Thus, as the Court is unaware of any other authority that would support a different determination, it is RECOMMENDED that the doctrine of res judicata does not bar Plaintiff's arguments here under Rule 11 or Local Rule 83.4.

    b.    *Rule 12(b)(6)*

The next issue presented in Defendants' Motion to Dismiss is whether Plaintiff has adequately plead his claims. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District

Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### i. Negligence

Under Tennessee law, a claim of negligence includes the following elements: (1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. *Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). "The first element, that of duty, and the dispositive issue in this case, is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm." *Giggers*, 277 S.W.3d at 364 (citing *Burroughs v. Magee*, 118 S.W.3d 323, 328-29 (Tenn. 2003)). "Where no allegations of an existing duty are made, it follows that a failure to act can impose no liability on the one who fails to act." *Dabbs v. Tenn. Valley Authority*, 250 S.W.2d 67, 69 (Tenn. 1952); *see also Gordon Lain McCammon v. William Gifford, Sr.*, No. M2001-01357-COA-R3-CV, 2002 WL 732272, at n.3 (Tenn. Ct. App. 2002) (citing *id.*) ("A failure to act can impose no liability in the absence of an existing duty to act.").

Plaintiff's allegations regarding this essential element are as follows:

- "Moss held a duty, to this Plaintiff . . . to refrain from filling [sic] any Pleading or other papers, in . . . [the Underlying Case] . . . until her application for Pro Hac Vice was made to the courts [a]nd the courts . . . approved her request." (Compl. ¶ 9; *see also* ¶ 6, ¶ 7, ¶ 10, ¶ 17, ¶ 18).

- Moss had a duty to refrain from participating in a case before this Court as she is licensed in the State of Mississippi. (Compl. ¶ 12).

He also alleges that Moss's breach of these duties "caused the massive negligence and loss" to him. (Compl. ¶ 16).

Plaintiff's Complaint does not expressly state what document(s) he believes Moss filed without being admitted *pro hac vice*, although it does mention "the alleged agreement." (Compl. ¶ 14; *see also id.* ¶¶ 1, 9, 13, 14, 17, 19). Further, he does not allege why he believes Moss was required to be admitted *pro hac vice* to negotiate on behalf of Mobify or why she was prohibited from negotiating the Settlement Agreement while licensed to practice law in Mississippi. Thus, although he conclusorily uses the word "duty" in his Complaint, he has failed to allege that such a duty exists such that he may pursue a claim for negligence. Accordingly, it is RECOMMENDED that Plaintiff's negligence should be DISMISSED for failure to state a claim upon which relief may be granted.

### ii. Gross Negligence

Gross negligence "is a negligent act done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied by law." *Shopwash v. United Airlines, Inc.*, 28 F. Supp. 3d 740, 753 (E.D. Tenn. 2014) & *Leatherwood v. Wadley*, 121 S.W.3d 682, 694 (Tenn. Ct. App. Feb. 11, 2003) (both citing *Odum v. Haynes*, 494 S.W.2d 795 (Tenn. Ct. App. Oct. 10, 1972)). To prevail on a claim of gross negligence in Tennessee, a plaintiff must first meet the elements of ordinary negligence. *Menuskin v. Williams*, 145 F.3d 755, 766 (6th Cir. 1998) (citing *Odum*, 494 S.W.2d 795, 807 (Tenn. Ct. App. 1972)). As it is RECOMMENDED that Plaintiff has failed to adequately plead a claim of negligence, it is further RECOMMENDED that Plaintiff's claim for

gross negligence should be DISMISSED for failure to state a claim upon which relief may be granted.

### iii. Section 1981 Claim

Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actions. 42 U.S.C § 1981; *Amini v. Oberlin College*, 440 F.3d 350 (6th Cir. 2006) (citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 867-68 (6th Cir. 2001)). The statute's protection extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To plead a Section 1981 claim, a plaintiff must allege that, but for his protected characteristics, he would not have suffered the loss of a right established under this section. *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S.Ct. 1009 (2020). Here, neither Plaintiff's Complaint nor his Supplemental Complaint allege that Defendants interfered with his contractual rights in any way, much less that they did so due to his race or color. Accordingly, it is RECOMMENDED that Plaintiff's Section 1981 claim be DISMISSED for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### iv. Rule 11, Section 1654, and Local Rule 83.4

Plaintiff further attempts to bring claims pursuant to Section 1564, Rule 11, and Local Rule 83.4. Section 1654 states as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." *Id*. Defendant's Motion asserts that this statute does not contain a private right of action. Plaintiff's Response does not

address this argument, and the Court is not aware of any private action under this Section. *See Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (stating that, absent statutory intent to create a cause of action, no such claim may be recognized by courts). Accordingly, it is RECOMMENDED that Plaintiff's Complaint fails to state a claim for relief pursuant to Section 1654.

As to Rule 11, as already set forth above, it does not give rise to a cause of action. Instead, it is a secondary mechanism by which sanctions may be available should counsel of record—including a *pro se* litigant representing himself—file documents for improper purposes. *See* Fed. R. Civ. P. 11. Here, Plaintiff has made a novel attempt to create a free-standing Rule 11 claim based upon a dispute in a prior case. Yet Plaintiff has provided no support, nor is the Court aware of any, that would allow such a claim. Accordingly, it is RECOMMENDED that Plaintiff's purported Rule 11 claim fails to state a claim upon which relief may be granted.

Likewise, Local Rule 83.4 sets forth, *inter alia*, the procedures for attorneys to be admitted to practice before this Court and to participate in particular cases. It further addresses the effects of appearance as counsel and the requirements that all attorneys comply with the Local Rules, the Tennessee Rules of Professional Conduct, and the Guidelines for Professional Courtesy and Conduct as adopted by this Court. It does not contain a private cause of action for relief against an attorney who an individual contends has violated it. Accordingly, it is RECOMMENDED that Plaintiff's purported claim under Local Rule 83.4 fails to state a claim upon which relief may be granted.

### c. *Defendants' Motion for Attorneys' Fees and Costs*

Finally, Defendants argue that Plaintiff should be ordered to pay their attorneys' fees and costs for violating Rule 11 and Tennessee Code Annotated Section 20-12-119(c)(1). Defendants characterize Plaintiff as a "serial litigator" who has filed the two lawsuits related to this action, at least five other *pro se* lawsuits in the state and federal courts in Tennessee, and a lawsuit in federal court in Mississippi. Defendants assert that Plaintiff knew that the issues he raised in this case were "raised and ruled on" in the Underlying Case. Additionally, Defendants argue that Plaintiff is using this lawsuit not only to impugn the personal and professional integrity of Moss but also to maliciously attack her. Specifically, Defendants rely upon September 24, 2020 email from Plaintiff to Moss telling her that the "[g]loves are off," calling her a "lying piece of shit," praying that her "dirty [sic] and lies come back on your ass full circle," threatening to "get" her license, promising to "post and blog" and "take every step to use ever[y] platform . . . to voice . . . [his] experience[s] and dislikes about you, [and] the way you violate the laws," and, most egregiously, telling her that she is reason her "sister is dead!" (D.E. # 6-8)

Before moving to the legal analysis, this Report and Recommendation would be remiss not to remark that Plaintiff's statements directed at Moss in this e-mail are highly inappropriate and offensive. Defendants are entirely correct that litigation should not be a vehicle to harass and abuse anyone in such a vicious manner. Plaintiff's attacks upon Moss are reprehensible and will not be condoned.

With respect to where the case is at present in addressing Plaintiff's conduct, Tennessee Code Annotated Section 20-12-119, does not apply in federal court as it is a state procedural rule. *See J-Line Pump Co., Inc. v. Mohan Chand*, No. 13-2842, 2014 WL 12626361, at *1-*2

(W.D. Tenn. Sept. 19, 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *see also Katoria S. Williams v. Shelby County School Sys.*, No. 2:17-cv-02284-TLP-cgc, 2019 WL 490354, at *6-*7 (W.D. Tenn. Feb. 7, 2019) (citing *id.*).

To seek sanctions under Rule 11, Rule 11(c)(2) requires as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

At this time, Defendants have not filed a separate motion and allowed the twenty-one-day safe-harbor period to pass. Thus, it is RECOMMENDED that there is no procedurally proper Rule 11 motion currently pending before the Court, although nothing in this Report and Recommendation should be construed as foreclosing Defendants' opportunity to do so.

Additionally, Rule 11(c)(3) permits as follows: "On its own, the court may order an attorney, law firm, *or party* to show cause why conduct specifically described in the order has not violated Rule 11(b)," which includes that "it is not being presented for any improper purposes, such as to harass . . . ." It is RECOMMENDED that, should the District Court determine that Rule 11 sanctions should be considered at this time even absent a procedurally correct motion, it may *sua sponte* order Plaintiff to show cause as to why his conduct has not violated Rule 11(b).

### III.   Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED for failure to state any claims upon which relief may be granted. It is

14

further RECOMMENDED that Tennessee Code Annotated Section 20-12-119(c)(1) does not apply in federal court and that there is no procedurally proper Rule 11 motion currently pending before the Court; however, should the District Court determine that it is appropriate, it may *sua sponte* issue an order directing Plaintiff to show case as to why his conduct has not violated Rule 11 such that an award of attorneys' fees and costs would be appropriate.

**SIGNED** this 14th day of September, 2021.

                                    s/ Charmiane G. Claxton
                                    CHARMIANE G. CLAXTON
                                    UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**