IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ARON J. AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02235-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| RAJITA I. MOSS and WELLS MARBLE & ) | |
| HURST, PLLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Aron J. Austin, sued Defendants—Rajita I. Moss and Wells Marble & Hurst, PLLC—pro se in state court asserting many causes of action. (ECF No. 1-1.) He sued Defendants for negligence/gross negligence, as well as for violating (1) 28 U.S.C. § 1654, (2) Federal Rule of Civil Procedure 11, and (3) Local Rule 83.4. (*Id.* at PageID 10–20.) He then supplemented his complaint, twice, to include more information (ECF No. 1-2) and to add another claim against Defendants under 42 U.S.C. § 1981 (ECF No. 23). Defendants removed the case to federal court (ECF No. 1), and quickly moved to dismiss Plaintiff's complaint as baseless under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 6). Under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters.

After evaluating Defendants' motion and Plaintiff's filings, Judge Claxton issued a Report and Recommendation ("R&R")—recommending the Court grant Defendants' motion to dismiss.

(ECF No. 27.)  Afterwards, Plaintiff objected to the R&R (ECF No. 28) and Defendants responded, in support of the R&R, to Plaintiff's objection (ECF No. 29).

And after reviewing Judge Claxton's R&R, along with Plaintiff's objections and Defendants' response, this Court **ADOPTS** the R&R and **GRANTS** Defendants' motion to dismiss (ECF No. 6).

## BACKGROUND

### I.     Plaintiff's Allegations

The Court takes the following information from Plaintiff's complaint (ECF No. 1-1), his supplemental complaint (ECF No. 1-2), and his second supplemental complaint (ECF No. 23).

Plaintiff's claims relate to events in his earlier lawsuit, *Austin v. Mobifyi, LLC et al*, 20-cv-02285-TLP-tmp, here.  (*See* ECF No. 1-1.)  He alleges that Defendant Moss "drafted and filed agreements, and or pleadings" in that previous suit for the defendants, without being licensed to practice law in Tennessee or admitted pro hac vice.  (*Id.* at PageID 10–11.)  Plaintiff claims that Defendant Moss breached her duty to this court, and to him, by participating in that lawsuit.  (*See id*. at 12–13.)  And as a result of Defendant Moss's work on that case, and her breach of duty, Plaintiff contends that Defendant Moss negligently "caused plaintiff a federal Default judgment."  (*Id.* at PageID 11.)

Together with his negligence/gross negligence claim, Plaintiff asserts that Defendant Moss violated 28 U.S.C. § 1654, FRCP 11, and Local Rule 83.4 when she represented the defendants in that previous suit.  (*Id*. at PageID 14–15.)

In his first supplemental complaint, Plaintiff specifies that Defendant Wells Marble & Hurst, Defendant Moss's employer, is also responsible for the breach of duty and the harm that he suffered in the previous suit.  (ECF No. 1-2.)

2

Then, about four months after his initial complaint, Plaintiff filed a second supplemental complaint. (ECF No. 23.) In that filing, Plaintiff claims that Defendants discriminated against him under 42 U.S.C. § 1981 "due to fact his is an Afro-American Male and Dark in skin Tone." (ECF No. 23 at PageID 278.) Plaintiff, however, does not elaborate on this allegation.

## II.     Procedural History

As mentioned above, Plaintiff sued Defendants in state court (ECF Nos. 1-1 & 1-2), and they removed the case to federal court (ECF No. 1). After removal, Defendants moved to dismiss Plaintiff's claims under FRCP 12(b)(6) as baseless. (ECF No. 6.) In particular, Defendants argued that Plaintiff's suit should be dismissed because (1) his claims were barred under the doctrines of res judicata and collateral estoppel, (2) he failed to state a negligence claim, and (3) he improperly sued under rules and statutes that contain no private right of action. (*See* ECF No. 7 at PageID 172–180.) Defendants also asked the Court to award them attorney's fees. (*Id.* at PageID 180–86.) Plaintiff responded to the motion to dismiss (ECF No. 9) and Defendants replied in support (ECF No. 10). This Court then entered an Order referring the case to a magistrate judge. (ECF No. 8.)

Before long, Plaintiff moved for summary judgment (ECF No. 13) and Defendants requested a stay of the case, under FRCP 56(d), until the Court ruled on their motion to dismiss (ECF No. 14). And Judge Claxton later granted the stay. (ECF No. 21.)

About a month later, Plaintiff filed his second supplemental complaint, adding another claim under 42 U.S.C. § 1981. (ECF No. 23.) Defendants filed a notice in response, arguing that Plaintiff's second supplemental complaint should either be dismissed under FRCP 12(b)(6) or stricken from the docket because it was improperly filed under FRCP Rule 15(a)(2). (ECF No. 25.) And instead of directly addressing the dispute surrounding Plaintiff's second

3

supplemental complaint, Judge Claxton issued an R&R, recommending that this Court grant Defendants' motion to dismiss. (ECF No. 27.) This Court will now turn to the R&R.

## THE REPORT AND RECOMMENDATION

Judge Claxton began the R&R by recounting the procedural history for both Plaintiff's present case and his earlier, but related, suit. (ECF No. 27 at PageID 329–32.) In this section, Judge Claxton accurately outlined the current dispute and provided a thorough, chronological account of Plaintiff's previous case. (*Id*. at PageID 329–31.)

After setting out this background, Judge Claxton assessed the merits of Defendants' motion to dismiss. (*Id.* at PageID 332–41.) In doing so, Judge Claxton addressed each section of the motion, provided thoughtful legal analysis, and recommended that this Court grant the motion.

Judge Claxton evaluated Defendants' res judicata and collateral estoppel arguments. (*Id.* at PageID 332–34.) She determined that, because the outcome of Plaintiff's Rule 11 and Local Rule 83.4 arguments were neither "necessary to the judgment" of Plaintiff's earlier lawsuit nor a "claim," the doctrines of res judicata and collateral estoppel did not bar Plaintiff's claims here. (*Id*. at PageID 333–34.)

Next, Judge Claxton addressed Defendants' argument that Plaintiff failed to state a claim under FRCP 12(b)(6). (*Id.* at PageID 334–39.) In this section, Judge Claxton correctly recited the legal standard for a 12(b)(6) motion. (*Id.* at PageID 334–36.) She then applied this standard to each of Plaintiff's claims. (*Id.* at PageID 336–40.) In the end, Judge Claxton found that Plaintiff failed to state a claim of negligence/gross negligence. She explained that "although [Plaintiff] conclusorily uses the word 'duty' in his [c]omplaint," he did not state what duty Defendants owed him or how they breached that duty. (*Id.* at PageID 336–38.)

4

Similarly, Judge Claxton noted that Plaintiff failed to plead his § 1981 claim adequately. (*Id.* at PageID 338.)  In reaching this conclusion, she found that "neither Plaintiff's Complaint nor his Supplemental Complaint allege that Defendants interfered with his contractual rights in any way, much less that they did so due to his race or color." (*Id.*)  Lastly, Judge Claxton found that Plaintiff failed to state a claim under 18 U.S.C. 1654, FRCP 11, and Local Rule 83.4.  (*Id.* at PageID 338–39.)  She reasoned that these statutes and rules lack a private right of action and cannot be the basis for Plaintiff's suit.  As a result, Judge Claxton found that Plaintiff failed to state a claim under FRCP 12(b)(6) and therefore recommended that this Court dismiss his suit.

Judge Claxton also reviewed Defendants' argument for attorney's fees.  (*Id.* at PageID 340–41.)  She noted "that there is no procedurally proper Rule 11 motion currently pending before the Court," but that this Court, if inclined, "may sua sponte order Plaintiff to show cause as to why his conduct has not violated Rule 11(b)." (*Id.* at PageID 341.)

After reviewing the R&R, the motion to dismiss, Plaintiff's pleadings, and the relevant case law, the Court agrees with Judge Claxton.  She outlined the appropriate legal standards and correctly applied these standards to the facts of the case.  The Court therefore **ADOPTS** Judge Claxton's R&R.

## OBJECTIONS

This Court now turns to Plaintiff's attempts to object here.  For starters, this Court looks first to the Federal Rules of Civil Procedure for guidance about R&Rs.  For example, Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Berry*, Nos. 05-20048, 10-12633, 2011 WL 1627902, at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report and recommendation must be specific challenges to the magistrate judge's conclusions."). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to the entirety of a magistrate judge's report "has the same effects as would a failure to object").

What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In sum, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*,

50 F.3d at 380).

About two weeks after Judge Claxton issued the R&R, Plaintiff objected. (ECF No. 28.) And about two weeks after that, Defendants responded in support of the R&R. (ECF No. 29.) Defendants argue that Plaintiff's objection "completely fails to address any of the arguments advanced by the Defendants in support of their motion to dismiss and, more importantly, the ruling/analyses of the Magistrate[.]" (*Id.* at PageID 268.) And Defendants assert that Plaintiff's objection "continues to repeat insufficient conclusory allegations contained in the Complaint in furtherance of his implausible claims" and amounts to an improper objection. (*Id.* at PageID 369.) This Court agrees.

Plaintiff's objection repeats the claims in his complaint, includes unsupported allegations that Judge Claxton erred, refers to his earlier lawsuit, claims that he need not plead the elements of negligence before trial, and other nonresponsive comments. (*See* ECF No. 28.) These objections fail to address Judge Claxton's explanation for *why* his original arguments were deficient; and, instead, amount to baseless repetition. Courts treat objections like this—"vague, general, or conclusory"—as "tantamount to a [ ] failure to object." *Slater*, 28 F. App'x at 513 (6th Cir. 2002). And such objections are therefore improper. (*Id.*)

## CONCLUSION

Having reviewed the R&R and the entire record here, the Court **ADOPTS** the R&R in full (ECF No. 27) and **GRANTS** Defendants' motion to dismiss. (ECF No. 6.)

**SO ORDERED**, this 23rd day of March, 2022.

s/Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE